# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-05485 JAK (PJWx) | Date | August 16, 2012 |
| Title | U.S. Bank National Association v. Roberto H. Mariano, et al. | | |

---

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

On February 10, 2012, Plaintiff U.S. Bank National Association, as Trustee for the benefit of Harborview 2005-10 Trust Fund, brought an unlawful detainer action against Defendant Roberto H. Mariano in the Superior Court of California, Los Angeles County, Northeast District/Pasadena Courthouse. *See* Compl., Notice of Removal, Exh. A, Dkt. 1. Plaintiff alleged that Defendant was unlawfully in possession of the property at 268 South Orange Grove Boulevard, Pasadena, California 91105, following Plaintiff's purchase of the property at a non-judicial foreclosure trustee's sale on September 13, 2011. Compl., Exh. A. The unlawful detainer complaint seeks damages of less than $10,000. On June 12, 2012, Defendant removed the action to this Court. *See* Notice of Removal, Dkt. 1.

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Defendant asserts that this Court has subject matter jurisdiction over this action based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Federal question jurisdiction exists where a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). Here, Plaintiff's complaint does not raise a federal question; it is solely an action for unlawful detainer under California law. Although Defendant purports to raise certain arguments concerning federal law, "the existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.,* 992 F.2d 932, 934 (9th Cir. 1993) (internal quotations and alterations omitted). "[T]he existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). No claims based

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-05485 JAK (PJWx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Roberto H. Mariano, et al. | | |

on federal law appear on the face of the complaint; Defendant's arguments raise only defenses allegedly premised on federal law.

      Defendant also contends that, because he has filed an action against Plaintiff in the Central District, this Court has jurisdiction over Plaintiff's related unlawful detainer action. This argument is not persuasive, and does provide a basis for federal subject matter jurisdiction. Even if Defendant moved to consolidate this unlawful detainer action with his pending federal suit, such consolidation would not cure the jurisdictional defects. Consolidating an improperly removed case with a related case does not give the Court ancillary jurisdiction; under Rule 42, a prerequisite to consolidation is that both cases be "pending before the court," and an improperly removed case does not meet this criterion. *United States for use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987).

      Defendant, as the removing party, has the burden of establishing subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377. Defendant has not met this burden. Accordingly, the Court issues this Order to Show Cause re Subject Matter Jurisdiction. On or before **September 4, 2012**, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is necessary or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |