**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-05485 JAK (PJWx) | Date | September 7, 2012 |
| Title | U.S. Bank National Association v. Roberto H. Mariano, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER REMANDING MATTER FOR LACK OF SUBJECT MATTER JURISDICTION   JS-6**

On February 10, 2012, Plaintiff U.S. Bank National Association, as Trustee for the benefit of Harborview 2005-10 Trust Fund, brought an unlawful detainer action against Defendant Roberto H. Mariano in the Superior Court of California, Los Angeles County, Northeast District/Pasadena Courthouse. *See* Compl., Notice of Removal, Exh. A, Dkt. 1. Plaintiff alleged that Defendant was unlawfully in possession of the property at 268 South Orange Grove Boulevard, Pasadena, California 91105, following Plaintiff's purchase of the property at a non-judicial foreclosure trustee's sale on September 13, 2011. Compl., Exh. A. The unlawful detainer complaint seeks damages of less than $10,000. On June 12, 2012, Defendant removed the action to this Court. *See* Notice of Removal, Dkt. 1. On August 16, 2012, this Court issued an Order to Show Cause re Subject Matter Jurisdiction, Dkt. 8, because Defendant had not properly pleaded this Court's jurisdiction. On August 20, 2012, Plaintiff filed a motion to remand, Dkt. 9, and on September 5, 2012, one day after the Court-imposed deadline, Defendant filed a response to the Court's Order to Show Cause, Dkt. 12.

In his response, Defendant contends that, because he intends to advance federal claims against Plaintiff pursuant to the Truth in Lending Act and the Real Estate Settlement Procedures Act, this Court has jurisdiction over Plaintiff's related unlawful detainer action. This argument is not persuasive, and does provide a basis for federal subject matter jurisdiction. Plaintiff's complaint does not raise a federal question; it is solely an action for unlawful detainer under California law. "[T]he existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932,934 (9th Cir. 1993) (internal quotations and alterations omitted).

Defendant, as the removing party, has the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For the foregoing reasons and those stated in this Court's Order to Show Cause, Defendant has not met this burden. Consequently, the Court REMANDS this matter to the Superior Court of the State of California, Los Angeles County, Northeast District/Pasadena Courthouse, Case No. 12U00102.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-05485 JAK (PJWx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Roberto H. Mariano, et al. | | |

Plaintiff's motion to remand is moot. The hearing on that motion, scheduled for November 5, 2012, is vacated; no appearance by any party or counsel is required at that time.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak